UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD KEYS,

    Plaintiff,

v.

KILOLO KIJAKAZI,

    Defendant.

No. C 21-00145 WHA

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

In this social security appeal, plaintiff moves for an award of attorney's fees pursuant to 42 U.S.C. Section 406(b). To the extent stated herein, the motion for attorney's fees is **GRANTED**.

In September 2018, plaintiff Ronald Keys applied for social security disability insurance benefits. His application was denied at the initial determination and reconsideration stages. After plaintiff and a vocational expert testified before an administrative law judge, the administrative law judge issued a partially favorable decision, finding that plaintiff was disabled from March 26, 2017, through May 31, 2019. The Appeals Council denied the request for review of that decision. Plaintiff commenced an action for judicial review in January 2021 and moved for summary judgment in September 2021.

In plaintiff's motion for summary judgment, he argued that the administrative law judge did not consider evidence showing that plaintiff stopped working again in November 2019 after attempting to return to modified duty for several months. Shortly after plaintiff filed that

motion, the parties stipulated to a remand for further administrative proceedings and judgment was entered in favor of plaintiff (Dkt. Nos. 21–22). The remand ultimately led to an outright award of benefits.

Plaintiff's counsel now seek $37,842.25 in attorney's fees, ostensibly 25% of the total past-due benefits owed to plaintiff and his auxiliary beneficiaries, pursuant to Section 406(b) and the fee agreement entered into (Dkt. No. 26; *see* Dkt. No. 26-2). But the notices of award reflect that 25% of that amount is actually one dollar less, $37,841.25, the sum of the amounts that the Social Security Administration has withheld for payment of attorney's fees in this action: $25,220.75 for plaintiff and $6,310.25 for each of his two auxiliary beneficiaries (Dkt. No. 26-1 at 6, 12, 18). Analogously, the total past-due benefits owed to plaintiff and his auxiliary beneficiaries is $151,365, not $151,369, as counsel had stated. This order will assume that these discrepancies were unintentional and evaluate plaintiff's motion based on the correct figures.

Section 406(b) controls attorney's fees for successful representation of social security benefits claimants in judicial proceedings. It "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, [Section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Our court of appeals reads Section 406(b) broadly "to include all substantial work done before the court even when the attorney's work results only in a remand to the agency . . . so long as the claimant eventually is awarded past-due benefits, whether at the agency level or during further judicial proceedings." *Parrish v. Comm'r of Social Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012) (quotation omitted). Here, plaintiff's counsel appealed an unfavorable decision to the district court on behalf of plaintiff and the action was remanded to the agency. Following this remand, an administrative law judge issued a fully favorable decision, with plaintiff awarded past-due benefits. As such, plaintiff's counsel can seek attorney's fees under Section 406(b).

This order finds the adjusted requested fee award reasonable and consistent with both the statute and the underlying fee agreement. In the end, the remand obtained by plaintiff's counsel secured plaintiff $151,365 in past-due benefits. The total additional benefits for plaintiff beyond those past-due, recognizing plaintiff is 51 years old and assuming continued disability until age 67, will likely exceed $500,000. And that does not include additional payments to his auxiliary beneficiaries. Simply put, this was a grand-slam home run for plaintiff. In light of this — and with an eye to the risk involved in agreeing to represent claimants on a contingency basis, as well as Attorney David Chermol's experience and hours reasonably spent — to the extent stated herein, plaintiff's motion is **GRANTED**. This order authorizes a Section 406(b) fee award of $37,841.25 to be paid out of plaintiff's past-due benefits in accordance with agency policy. Plaintiff's counsel shall refund plaintiff the $7,800 that plaintiff's counsel previously received from plaintiff under the Equal Access to Justice Act (Dkt. No. 25). *See Gisbrecht*, 535 U.S. at 796.

**IT IS SO ORDERED.**

Dated: November 27, 2023.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE